UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————

CHAYA FELBERBAUM on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

            -against-

PORTFOLIO RECOVERY ASSOCIATES, LLC

                        Defendant.
———————————————————————————

## CLASS ACTION COMPLAINT

### Introduction

1.      Plaintiff, Chaya Felberbaum, brings this action against Portfolio Recovery ASSOCIATES, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.      Upon information and belief, Defendant's principal place of business is located in Norfolk, Virginia.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Chaya Felberbaum

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about August 15, 2016, Defendant sent the Plaintiff a collection letter.

11.    The said letter was an effort to collect on a consumer debt.

12.    The letter advised the recipient to see the reverse side for "Important Information" regarding state and federal laws and other rights.

13.    On the reverse side of the said letter, the Defendant provided multiple disclosures, including one which was stated in bold and uppercase letters.

14.    The pertinent information stated as follows:

"**NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**"

15.    Although the August 15, 2016 letter contained several state-specific disclosures, the formatting of the said disclosure, the Massachusetts Disclosure, differed from all the

other disclosures as it particularly was in bold and uppercase letters.

16.    The majority of the other state-specific disclosures were neither in bold nor all uppercase letters.

17.    Based on the formatting of the said Massachusetts Disclosure, it is plausible that an unsophisticated consumer could be easily misled to believe that the disclosure applies to all consumers, as opposed to just Massachusetts residents.

18.    The formatting of the said disclosure is unlike any other state-specific paragraph on the letter's page.

19.    Massachusetts regulations require debt collectors to include such a notice, but does not require that the entire notice be in bold and all uppercase letters.

20.    Furthermore, the Defendant's letter did not explicitly indicate that the state-specific disclosures only apply to residents of the states listed.[1]

21.    As a result, it is plausible that the Defendant's presentation of the Massachusetts Disclosure constitutes a false or misleading representation under § 1692e.

22.    15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

---

[1] Ensminger v. Fair Collections & Outsourcing, Inc., No. 2: 16-CV-02173-CM-GEB (D. Kan. Nov. 23, 2016) ("Because of the formatting of the Massachusetts Disclosure in defendant's letters and the lack of any explicit statements indicating that the Massachusetts Disclosure only applies to Massachusetts residents, it is plausible that the least sophisticated consumer could be misled to believe that the Massachusetts Disclosure applies to all consumers, not just Massachusetts residents. As a result, it is plausible that defendant's use of the Massachusetts Disclosure constitutes a false or misleading representation under § 1692e."); Joslin v. Fair Collections & Outsourcing, Inc., No. 15-00723-CV-W-DGK, 2016 WL 483117, at *2 (W.D. Mo. Feb. 5, 2016) ("it is not entirely unreasonable that an unsophisticated consumer would not realize the Massachusetts Disclosure was applicable only to Massachusetts residents.")

23.    The statement in the said letter is false and misleading, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

24.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

25.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

26.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

27.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

28.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

29.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

30.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

31.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

32.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

33.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.    The identities of all class members are readily ascertainable from the records of Portfolio Recovery ASSOCIATES, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

35.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Portfolio Recovery ASSOCIATES, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

37.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

38.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling

consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

39.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c)  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d)  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling

consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

40.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

41.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42.   Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

43.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

44.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty three (43) herein with the same force and effect is if the same were set forth at length herein.

45.   This cause of action is brought on behalf of Plaintiff and the members of a class.

46.   The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 15, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10) for false and misleading representations.

**Violations of the Fair Debt Collection Practices Act**

47.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

48.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
           April 5, 2017

                                        ___/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.
                                        Attorneys for the Plaintiff
                                        Maxim Maximov, LLP
                                        1701 Avenue P
                                        Brooklyn, New York 11229
                                        Office: (718) 395-3459
                                        Facsimile: (718) 408-9570
                                        E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                        ___/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.